ORIGINAL



FILED

OCT 1 3 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MURPHY, | Case No. 10 CV 2136 LAB ▬ WVG |
| Plaintiff, | COMPLAINT FOR VIOLATION |
| | OF FEDERAL FAIR DEBT |
| vs. | COLLECTION PRACTICES ACT |
| | AND ROSENTHAL FAIR DEBT |
| HUNT & HENRIQUES, | COLLECTION PRACTICES ACT |
| Defendant. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

CL

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d).

## III. PARTIES

3.     Plaintiff, Michael Murphy ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, Hunt & Henriques ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     On or about July 15, 2010, Defendant began calling Plaintiff in attempt to collect an alleged debt for a Citibank credit card.

7.     Plaintiff initially received a missed call from Defendant on July 15, 2010.  When Plaintiff returned the missed call, he spoke to Wendy, an employee of Defendant.  According to Wendy, Defendant was hired by Citibank to file suit and that although she is not an attorney, she had called him to see if she could settle the matter without going that far.  Wendy advised Plaintiff that she wanted to make arrangements to take care of the matter without filing a judgment. Wendy asked Plaintiff if he was in a position to pay, and Plaintiff advised he wasn't at that time, but that Wendy could call back in a few weeks.   Wendy advised Plaintiff that he didn't have a few weeks, that she needed to know something by the July 23, 2010, or the matter would be sent to the attorneys. When Plaintiff asked if Defendant had sent a letter regarding the matter to him, Wendy advised a letter had been sent on July 9, 2010.  Plaintiff advised he had not received the letter yet.  Wendy continued to advise Plaintiff that she must have an answer within a week or the paperwork to file suit against Plaintiff would begin.  Wendy failed to provide Plaintiff with the notices required by 15 U.S.C. 1692g and was clearly aware that Plaintiff had not yet received a letter from Defendant.  Plaintiff was allowed to request validation of the alleged debt within thirty days of his initial contact with Defendant. Wendy insisted that he make arrangements to pay the alleged debt within a week and her repeated threats to

session

file suit against him was an intimidation tactic used to deny him his right for validation under the FDCPA.

8.    On or about July 22, 2010, Plaintiff began receiving multiple messages and missed calls from Defendant.

9.    On or about July 30, 2010, Plaintiff's counsel faxed and mailed a letter of representation to Defendant.   Plaintiff's counsel requested Defendant cease all communication with Plaintiff.   Further, Plaintiff's counsel requested Defendant provide validation of the alleged debt.   The validation was requested well within the thirty day time period provided by the FDCPA. (See letter attached as Exhibit "A")

10.    Defendant continued to call Plaintiff directly after July 30, 2010, including at least two calls on August 2, 2010.

11.    Plaintiff's counsel sent two more letters to Defendant in an attempt to discuss the alleged debt and resolve the matter.   (See letter dated August 10, 2010 attached as Exhibit "B" and letter dated August 25, 2010, attached as Exhibit "C").   Defendant has yet to provide validation of the alleged debt.

12.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where

Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2);

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

d) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

e) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

f) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§1692g(a));

g) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§ 1692g(b));

h) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period (§1692g(b)); and

i) Making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC §1692g(a) (§ 1692g(b)).

13.   As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14.   Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C.   Statutory damages;

D.   Costs and reasonable attorney's fees; and,

E.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15.   Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct
violated the RFDCPA;

B.     Actual damages;

C.     Statutory damages for willful and negligent violations;

D.     Costs and reasonable attorney's fees,

E.     For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 12th day of October, 2010.


By: _____
          Todd M. Friedman (216752)
          **Law Offices of Todd M. Friedman, P.C.**
          **369 S. Doheny Dr. #415**
          **Beverly Hills, CA 90211**
          **Phone: 877 206-4741**
          **Fax: 866 633-0228**
          **tfriedman@attorneysforconsumers.com**
          **Attorney for Plaintiff**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.

**ATTORNEYS FOR CONSUMERS**
369 SOUTH DOHENY DRIVE #415
BEVERLY HILLS, CA 90211
877-206-4741 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.ATTORNEYSFORCONSUMERS.COM

E-MAIL: TFRIEDMAN@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
CALIFORNIA

July 30, 2010

**VIA U.S. MAIL and FACSIMILE (408)362-2299**
Hunt & Henriques
Attorneys at Law
151 Bernal Road, Suite 8
San Jose, CA 95119

RE:     Dr. Michael Murphy
        **Account No. 5419310820489141**

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding the aforementioned account.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief and damages under federal and state Fair Debt Collection Practices Acts against you should you fail to honor these directives.

The purpose of this letter is to begin a settlement dialogue. However, prior to recommending any settlement, we first need validation of the subject account, including a full accounting history (e.g., principal, interest, collection fees, payments made, etc.). Until this full accounting is provided, you are to consider this debt disputed and to govern yourself accordingly (for example, but not limitation, to cease collection efforts until the debt is validated and to update any credit reporting as such).

Although at this time our notice of representation pertains to negotiating a resolution of this alleged debt, our client has authorized us to review the collection activity of all creditors and collectors with whom he/she is dealing to determine if all relevant state and federal collection, credit reporting, credit billing and lending laws have been complied with. This may include a review of our client's collection notes and logs, if any, phone recordings, if any, and your collection file should this matter go to suit to collect the alleged debt. Should any violations be found to have occurred, you are advised this Office has been directed to prosecute any such claims to the fullest extent possible and to seek the maximum damages available under the law, including payment of our attorney fees pursuant to fee shifting provisions found under the FDCPA, FCRA, FCBA, TILA and/or state law.

Please provide the aforementioned accounting, along with your current settlement demand as soon as possible so we can determine if this account is appropriate for settlement. We hope this matter can be resolved amicably for our client's benefit, as well as yours.

Best regards,

Todd M. Friedman
Attorney at Law

Cc: Michael Murphy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.

### ATTORNEYS FOR CONSUMERS
369 SOUTH DOHENY DRIVE #415
BEVERLY HILLS, CA 90211
877-206-4741 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.ATTORNEYSFORCONSUMERS.COM

E-MAIL: TFRIEDMAN@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
CALIFORNIA

August 10, 2010

Hunt & Henriques
Attorneys at Law
151 Bernal Road, Suite 8
San Jose, CA 95119

RE:     Dr. Michael Murphy
        Account No. 5419310820489141

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq.and/or State law.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same without resort to expensive and unnecessary litigation.   Our initial assessment of this matter is that before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the alleged outstanding debt owed by my client (which we hereby dispute and demand proof of). The violations that have occurred include, but are not limited to:

a) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2);

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of

Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

d) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

e) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

As you are aware, aside from any client's economic damages, emotional distress damages are actual damages deserving of compensation. Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). You are also aware that my client may be entitled to statutory damages of up to $1,000.00. 15 U.S.C. §§ 1692k(a)(1), (2)(A) and (b)(1). Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir. 1998); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). In addition to the above, the FDCPA also provides for the recovery of attorneys' fees and costs.

I am sure your company can appreciate the need to address this issue with my client and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter for $3,500.00, inclusive of fees and costs, plus return all monies garnished from my client, plus your company's, and its assigns, agreement to cease all collection activities with our client, and remove, correct or prevent any and all trade-line information that appears, had appeared or may appear on any of my client's credit reports. This demand is inclusive of all statutory and actual damages both in the form of emotional distress, economic loss, damage to credit, and attorneys' fees and costs. As I am sure you are aware, decisions from around the country have proven time and again that a substantial award can be obtained should my client have an opportunity to present this case to a jury. See *Belile v Allied Medical Accounts Control Associated Bureaus, Inc.,* 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); *Crossley v Lieberman,* 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989)(actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); *In re Littles,* 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); *Southern Siding Company, Inc, v. Raymond,* 703 So.2d 44 (La. App., 1st Cir. 1997)(Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); *Venes v. Professional service Bureau,* 353 N.W. 2d 671 (Minn. Ct. App. 1984)($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); *Smith v. Law Offices of Mitchell N. Kay,* 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation). Moreover, such damages as outlined above, including personal humiliation, embarrassment,

sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. See *Belile, Crossley, Littles, Raymond*.

In conclusion, you are hereby directed to cease and desist all collection activities until the alleged debt is verified. Further, if you chose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's claims in a court of law. Please be advised that if such circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Todd M. Friedman
Attorney at Law

Cc: Michael Murphy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.
### ATTORNEYS FOR CONSUMERS
369 SOUTH DOHENY DRIVE #415
BEVERLY HILLS, CA 90211
877-206-4741 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.ATTORNEYSFORCONSUMERS.COM

E-MAIL: TFRIEDMAN@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
CALIFORNIA

August 25, 2010

Hunt & Henriques
Attorneys at Law
151 Bernal Road, Suite 8
San Jose, CA 95119

RE:      Dr. Michael Murphy
         Account No. 5419310820489141

To Whom It May Concern:

Please allow this letter to serve as a follow-up to my initial correspondence regarding my client, Mr. Murphy. As I noted previously, we believe that your conduct in attempting to collect an alleged debt from my client clearly constitutes violations of the Federal Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act.

I indicated in my initial communication that I prefer to resolve this mater amicably without the need for an expensive court battle. If you do not respond to this communication within a timely manner, I will assume you have no intention on attempting to resolve this and we will proceed with litigation. I look forward to hearing from you shortly.

Best regards,

Todd M. Friedman
Attorney at Law

cc: Michael Murphy

□ORIGINAL

**FILED**

OCT 1 3 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY 2/ DEPUTY

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| MICHAEL MURPHY | HUNT & HENRIQUES |

| **(b)** County of Residence of First Listed Plaintiff   SAN DIEGO | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Law Offices of Todd M. Friedman, P.C. 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, (877) 206-4741 | '10 CV 2136 LAB   WVG |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

□ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

□ 2  U.S. Government Defendant

□ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury - | □ 620 Other Food & Drug | □ 423 Withdrawal | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product | Med. Malpractice | □ 625 Drug Related Seizure | 28 USC 157 | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | Liability | □ 365 Personal Injury - | of Property 21 USC 881 | | □ 450 Commerce |
| □ 150 Recovery of Overpayment | □ 320 Assault, Libel & | Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 460 Deportation |
| & Enforcement of Judgment | Slander | □ 368 Asbestos Personal | □ 640 R.R. & Truck | □ 820 Copyrights | □ 470 Racketeer Influenced and |
| □ 151 Medicare Act | □ 330 Federal Employers' | Injury Product | □ 650 Airline Regs. | □ 830 Patent | Corrupt Organizations |
| □ 152 Recovery of Defaulted | Liability | Liability | □ 660 Occupational | □ 840 Trademark | □ 480 Consumer Credit |
| Student Loans | □ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | □ 490 Cable/Sat TV |
| (Excl. Veterans) | □ 345 Marine Product | □ 370 Other Fraud | □ 690 Other | | □ 810 Selective Service |
| □ 153 Recovery of Overpayment | Liability | □ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | □ 850 Securities/Commodities/ |
| of Veteran's Benefits | □ 350 Motor Vehicle | □ 380 Other Personal | □ 710 Fair Labor Standards | □ 861 HIA (1395ff) | Exchange |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle | Property Damage | Act | □ 862 Black Lung (923) | □ 875 Customer Challenge |
| □ 190 Other Contract | Product Liability | □ 385 Property Damage | □ 720 Labor/Mgmt. Relations | □ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| □ 195 Contract Product Liability | □ 360 Other Personal | Product Liability | □ 730 Labor/Mgmt.Reporting | □ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| □ 196 Franchise | Injury | | & Disclosure Act | □ 865 RSI (405(g)) | □ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 740 Railway Labor Act | **FEDERAL TAX SUITS** | □ 892 Economic Stabilization Act |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate | □ 790 Other Labor Litigation | □ 870 Taxes (U.S. Plaintiff | □ 893 Environmental Matters |
| □ 220 Foreclosure | □ 442 Employment | Sentence | □ 791 Empl. Ret. Inc. | or Defendant) | □ 894 Energy Allocation Act |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/ | **Habeas Corpus:** | Security Act | □ 871 IRS—Third Party | □ 895 Freedom of Information |
| □ 240 Torts to Land | Accommodations | □ 530 General | | 26 USC 7609 | Act |
| □ 245 Tort Product Liability | □ 444 Welfare | □ 535 Death Penalty | **IMMIGRATION** | | □ 900 Appeal of Fee Determination |
| □ 290 All Other Real Property | □ 445 Amer. w/Disabilities - | □ 540 Mandamus & Other | □ 462 Naturalization Application | | Under Equal Access |
| | Employment | □ 550 Civil Rights | □ 463 Habeas Corpus - | | to Justice |
| | □ 446 Amer. w/Disabilities - | □ 555 Prison Condition | Alien Detainee | | □ 950 Constitutionality of |
| | Other | | □ 465 Other Immigration | | State Statutes |
| | □ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ 6 Multidistrict Litigation   □ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Violation of the Fair Debt Collection Practices Act

| **VII. REQUESTED IN COMPLAINT:** | □ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  □ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE 10/12/2010 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # 19081   AMOUNT $350   APPLYING IFP m 10/13/10   JUDGE   MAG. JUDGE

CR

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:   U.S. Civil Statute: 47 USC 553
                          Brief Description: <u>Unauthorized reception of cable service</u>

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019081
Cashier ID: kdelabar
Transaction Date: 10/14/2010
Payer Name: FRIEDMAN, TODD
---------------------------------
CIVIL FILING FEE
 For: MURPHY V. HUNT,HENRIQUES
 Case/Party: D-CAS-3-10-CV-002136-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 2391
 Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```